Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                              7:20-cv-03032

| | |
|---|---|
| Lauren Biegel, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Blue Diamond Growers, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Blue Diamond Growers ("defendant") manufactures, distributes, markets, labels and sells yogurt products purporting to be flavored with vanilla and "natural flavors", under the Almond Breeze brand ("Product").

2.      The Product is available to consumers from retail and online stores of third-parties and is sold in container of 24 OZ.

3.      The relevant representations include "Almond Breeze," "Vanilla With Other Natural Flavors," a picture of the product and vignette of vanilla beans and the vanilla flower.



4.     Among yogurt (and alternative-milk yogurt) flavors, vanilla is the third-most preferred choice according to a recent survey by FONA International, a flavor company.[1]

5.     Vanilla is known as the "Queen of Spices" for its popularity and wide usage.

6.     It is a constant target of food adulteration, whether through manipulation of carbon isotopes or language.

7.     Defendant labels the Product as "Vanilla With Other Natural Flavors" and its ingredient shows it contains "Natural Flavors" and "Vanilla Extract."

---

[1] What's Next for Yogurt: A Global Review, FONA International

<u>Ingredient List</u>

ALMONDMILK (FILTERED WATER, ALMONDS), SUGAR, TAPIOCA STARCH, PECTIN, NATURAL FLAVORS, VANILLA EXTRACT, AGAR, CALCIUM PHOSPHATE, SALT, LOCUST BEAN GUM, SODIUM CITRATE, CALCIUM LACTATE AND CULTURES.

ALMONDMILK (FILTERED WATER, ALMONDS), SUGAR, TAPIOCA STARCH, PECTIN, ==NATURAL FLAVORS==, ==VANILLA EXTRACT==, AGAR, CALCIUM PHOSPHATE, SALT, LOCUST BEAN GUM, SODIUM CITRATE, CALCIUM LACTATE AND CULTURES.

8. The front label is misleading because "Vanilla" is listed before the "Other Natural Flavors" even though the amount of "vanilla" is *less than* the "Natural Flavors."

9. Based on the regulations, it appears the Product admittedly contains a smaller amount of vanilla than non-vanilla flavors, which means its front label is misleading.

10. Though defendant's front label identifies the Product in the WONF format, its ingredient list separates the two ingredients – natural flavors and vanilla extract.

11. Though there is no requirement a manufacturer use a "WONF" flavor if it labels a product in a WONF format, and can use the components of a WONF flavor separately, it is rare enough to examine closely.

12. The WONF labeling construct, described at 21 C.F.R. § 101.22(i)(1)(iii) is for where a food contains some flavor "from the product whose flavor is simulated" and other flavor from other natural sources.

13. One exception to 21 C.F.R. § 101.22(i)(1)(iii) is where vanilla, from the vanilla bean, is added to a product that also contains vanillin, from a non-vanilla source.

14. When used separately from vanilla and in a food where vanilla is not the characterizing flavor, naturally produced vanillin mixed with other flavors may be designated as "natural flavors."

3

15.    However, even if a manufacturer attempts to avoid using the standardized flavoring ingredient of "Vanilla-vanillin extract" to circumvent the requirement of designating vanillin as an artificial flavor, the practice remains misleading to consumers. *Compare* 21 C.F.R. § 101.22(i)(1)(iii) with 21 C.F.R. § 169.180(b) ("Vanilla-vanillin extract.") ("vanilla-vanillin extract, contains vanillin, an artificial flavor."

16.    It is deceptive for a food to be labeled as containing vanilla and natural flavors because this fails to mention the presence of vanillin, which has always been an artificial flavor when used to give the impression of more vanilla being present.

17.    The front label of the Product should not say "Other Natural Flavors" but rather "Artificially Flavored" because the non-vanilla vanillin simulates the taste of real vanilla. *See* 21 C.F.R. § 101.22(i)(2).

18.    These conclusions are consistent with those reached by the legal counsel for the Flavor Extract Manufacturer's Association or FEMA and various FDA memos.

19.    A reasonable consumer can not follow up or learn the truth that the Product contains artificial vanillin from reading the Product's ingredient list because defendant labels this as "Natural Flavors."

20.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

21.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

22.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

23.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

24.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $5.29 per container of 24 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

### Jurisdiction and Venue

25.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

26.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

27.    Plaintiff Lauren Biegel is a citizen of New York.

28.    Defendant Blue Diamond Growers is a California corporation with a principal place of business in Sacramento, Sacramento County, California and is a citizen of California.

29.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

30.    Venue is proper in this judicial district because plaintiff Rhoden purchased the Product and resides in this district and became aware of the events or omissions giving rise to the claims in this district. *See* 28 U.S.C. § 1391(b)(2).

31.    Venue is further supported because many class members reside in this District.

### Parties

32.    Plaintiff Lauren Biegel is a citizen of Campbell Hall, Orange County, New York.

33.    Defendant Blue Diamond Growers is a California corporation with a principal place

5

Case 7:20-cv-03032-CS   Document 1   Filed 04/15/20   Page 6 of 12


of business in Sacramento, California, Sacramento County.

34.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product's characterizing flavor came from vanilla and did not contain vanillin, which was required to be disclosed on the front label and ingredient list.

35.    Plaintiff bought the Product because she liked the product type for its intended use and expected flavor to contain vanilla and not vanillin, because the front label referred to the non-vanilla vanillin flavor as "natural flavors."

36.    Plaintiff would buy the Product again if assured it contained vanilla and did not contain non-vanilla vanillin.

<u>Class Allegations</u>

37.    The class will consist of all purchasers of the Product in New York during the applicable statutes of limitations.

38.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

39.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

40.    Plaintiff is an adequate representatives because her interests do not conflict with other members.

41.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

42.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

6

43.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

44.   Plaintiff seeks class-wide injunctive relief because the practices continue.

### New York General Business Law ("GBL"), §§ 349 & 350
### (Consumer Protection Statutes)

45.   Plaintiff incorporates by reference all preceding paragraphs.

46.   Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

47.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

48.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

49.   The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more to get vanilla taste from the flavor derived from vanilla beans and though they are aware of the presence of non-vanilla flavors, do not expect them to be comprised of vanillin, the original artificial flavor.

50.   Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

51.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

52.   Plaintiff incorporates by reference all preceding paragraphs.

53.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

54.   The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more to get vanilla taste from the flavor derived from vanilla beans and though they are aware of the presence of non-vanilla flavors, do not expect them to be comprised of vanillin, the original artificial flavor.

55.   Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

56.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

57.   The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

58.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

59.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

60.   Plaintiff incorporates by reference all preceding paragraphs.

61.   The Product was manufactured, labeled and sold by defendant and warranted to

plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

62.    The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more to get vanilla taste from the flavor derived from vanilla beans and though they are aware of the presence of non-vanilla flavors, do not expect them to be comprised of vanillin, the original artificial flavor.

63.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

64.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

65.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

66.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

67.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

68.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

69.   Plaintiff incorporates by reference all preceding paragraphs.

70.   The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more to get vanilla taste from the flavor derived from vanilla beans and though they are aware of the presence of non-vanilla flavors, do not expect them to be comprised of vanillin, the original artificial flavor.

71.   Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front labels, when it knew its statements were neither true nor accurate.

72.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

73.   Plaintiff incorporates by reference all preceding paragraphs.

74.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 15, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-03032
United States District Court
Southern District of New York

Lauren Biegel, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Blue Diamond Growers,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  April 15, 2020

/s/ Spencer Sheehan
Spencer Sheehan