# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lauren Biegel, Greg Maroney, Ryan Cosgrove, Clive Rhoden, Stephen Bradshaw, Angela Farve and Christina Henderson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Blue Diamond Growers,<br><br>Defendant. | Case No.: 7:20-cv-03032-CS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM NOTICE, AND SCHEDULING OF FINAL APPROVAL HEARING** |

Upon consideration of the Motion by Plaintiffs Lauren Biegel ("Biegel"), Greg Maroney ("Maroney"), Stephen Bradshaw ("Bradshaw"), Angela Farve ("Farve"), Ryan Cosgrove ("Cosgrove"), Clive Rhoden ("Rhoden"), and Christina Henderson ("Henderson") (collectively, the "Plaintiffs") for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Class Settlement Agreement filed on April 19, 2021 ("Settlement Agreement"), upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning they have in the Settlement Agreement. The Court makes the following findings:

## FINDINGS OF FACT

1.  Plaintiffs bring their Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing before the Court, with the consent of Defendant Blue Diamond Growers ("Defendant", "BDG", or the "Company").

2.  The Parties, through their counsel, conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the

1

merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

3. The Parties engaged in discovery, where Defendant provided Class Counsel with extensive information and documents.

4. In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

5. The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

6. The Court has reviewed the Settlement Agreement, including the exhibits attached thereto, and the Declarations of Spencer Sheehan and Steven Weisbrot, and exhibits attached thereto, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. **Stay of the Action.** All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2. **Preliminary Class Certification for Settlement Purposes Only.** Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement

and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendant retains all rights to assert that the Action may not be certified as a class action, other than for purposes of this Settlement.

3. **Class Definition.** The Settlement Class is defined as All consumers in the United States who purchased the Products during the Class Period. The Settlement Class excludes the Released Parties, any government entities, persons who made such purchase for the purpose of resale, persons who made a valid, timely request for exclusion, and Hon. Cathy Seibel and Randall W. Wulff, and any members of their immediate family.

4. **Class Representatives and Class Counsel.** The Court appoints Michael R. Reese of Reese LLP, Spencer Sheehan of Sheehan & Associates, P.C., and Kevin Laukaitis of Shub Law Firm LLC as class counsel for the Settlement Class. Lauren Biegel, Greg Maroney, Stephen Bradshaw, Angela Farve, Ryan Cosgrove, Clive Rhoden, and Christina Henderson are hereby appointed as the Class Representatives.

5. **Preliminary Settlement Approval.** The Court preliminarily approves the

Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Final Approval Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

6. **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. **Fairness Hearing.** A Fairness Hearing shall be held on August 25, 2021 at the United States District Court for the Southern District Court of New York in the Courtroom 621 at 300 Quarropas Street, White Plains, New York, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a), 23(b)(2) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for Class Representative Incentive Awards should be approved. The submissions of the Parties in support of the Settlement, including Class Counsel's application for Attorneys' Fees and Expenses and the Class Representative Incentive Awards, shall be filed with the Court no later than July 26,

4

2021, which is thirty (30) calendar days prior to the Fairness Hearing.

8. **<u>Administration and Class Notice.</u>**

   a. The Court accepts the recommendations of Class Counsel and Defendant, and hereby appoints Angeion Group to serve as Settlement Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

   b. The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Steven Weisbrot (the "Weisbrot Declaration") are hereby approved.

   c. No later than ten (10) calendar days after the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice Plan to commence as described in the Weisbrot Declaration. Prior to the Notice Date, the Settlement Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The website shall include materials agreed upon by the Parties and as further ordered by this Court.

   d. The Settlement Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Weisbrot Declaration.

   e. No later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

   f. No later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Settlement Administrator, with assistance from the Parties as needed,

shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

9. **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

10. **Exclusion from Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement by completing the exclusion form at the Settlement Website; downloading and submitting to the Claim Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Any request for exclusion must be delivered (not just postmarked) by the Opt-Out and Objection Deadline or they shall not be valid. A Settlement Class Member who elects to

exclude themselves from this Settlement shall not be permitted to object to this Settlement or to intervene. Any Settlement Class Member who does not submit a timely request for exclusion shall be bound by all subsequent proceedings, orders, and the Final Approval in this Litigation relating to this Settlement Agreement, even if he or she has pending, or subsequently initiates litigation, arbitration, or any other proceeding against BDG relating to the Released Claims.

11. **Objections and Appearances.** Any Settlement Class Member who wishes to object to the fairness of the Settlement must submit a written objection to the Claim Administrator. The written objection may be submitted by mail, express mail, electronic transmission, or personal delivery, but to be timely, it must be *delivered to* the Claim Administrator (not just postmarked or sent) prior to the Opt-Out and Objection Deadline. Each objection must include: (i) the case name and number: *Biegel v. Blue Diamond Growers*, Case No. 7:20-cv-03032-CS; (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the final approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class Litigations submitted in any state or federal court in the

7

United States in the previous five (5) years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any).

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Class Representative Incentive Awards. Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than fourteen (14) calendar days before the Final Approval Hearing, or as the Court may otherwise direct.

Class Counsel shall have the right, and Defendant shall reserve its right, to respond to any objection no later than fourteen (14) days before the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member, to all Class Counsel, and to Defendant's Counsel.

12. **Disclosures.** The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

13. **Termination of Settlement.** This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions

existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

14. **Effect of Settlement Agreement and Order.** Class Counsel, on behalf of the Settlement Class, and Defendant entered into the Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

15. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class. If the

Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

16. **<u>Continuance of Hearing.</u>** The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

    a. Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than July 26, 2021.

    b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Incentive Award by no later than July 26, 2021.

    c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Incentive Award by no later than August 4, 2021.

    d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than August 4, 2021.

    e. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than August 11, 2021.

    f. The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order by no later than August 18, 2021.

    g. Class Counsel and Defendant's Counsel shall have the right to respond to any objection no later than August 11, 2021.

h. The Fairness Hearing will take place on August 25, 2021 at 9:45 (a.m)/p.m at the United States District Court for the Southern District Court of New York in the Courtroom 621 at 300 Quarropas Street, White Plains, New York.

**SO ORDERED** this 17th day of May, 2021:

_____
Honorable Cathy Seibel
United States District Judge