UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lauren Biegel, Greg Maroney, Ryan Cosgrove, Clive Rhoden, Stephen Bradshaw, Angela Farve and Christina Henderson, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>v.<br><br>Blue Diamond Growers,<br><br>               Defendant. | Case No.: 7:20-cv-03032-CS<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AWARD OF INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES AND COSTS TO THE CO-LEAD CLASS COUNSEL |

On May 17, 2021, this Court granted the motion of Plaintiffs Lauren Biegel ("Biegel"), Greg Maroney ("Maroney"), Stephen Bradshaw ("Bradshaw"), Angela Farve ("Farve"), Ryan Cosgrove ("Cosgrove"), Clive Rhoden ("Rhoden"), and Christina Henderson ("Henderson") (collectively, the "Plaintiffs") for preliminary approval of the Settlement Agreement[1] and certification of the Settlement Class as defined below. *See* ECF No. 53.

Commencing on May 28, 2021, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Angeion Group (the "Settlement Administrator") provided notice to Settlement Class Members in compliance with the Settlement Agreement and the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Steven Weisbrot of Angeion Group re: Media Plan (ECF No. 58-4); Declaration of Steven Weisbrot of Angeion Group re: Implementation of Notice to Settlement Class (ECF No. 61).

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

1

The notice:

(a) fully informed Settlement Class Members about the above-captioned action ("Action") and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval hearing.

The Settlement Administrator also updated the Settlement Website to reflect the new date for the Final Approval hearing: first when that date was adjourned from 9:45 a.m. on August 25, 2021 to 11:15 a.m. on September 8, 2021, and then again when the hearing was continued to 3:00 p.m. on October 15, 2021.

On October 15, 2021, the Court held the Final Approval hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court reviewed the Motion for Final Approval (ECF No. 57), the parties' supplemental submissions dated October 6, 2021 (ECF Nos. 67-69) and all supporting materials and also considered the oral argument of counsel at the Final Approval hearing. Based on this review and the finding below, as well as those stated on the record at the Final Approval hearing held on October 15, 2021, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of monetary payments to Settlement Class Members. All Settlement Class Members are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to Settlement Class Members who submit valid Claim Forms pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**REQUESTS FOR EXCLUSION AND OBJECTIONS**

5. Forty-three (43) Class Members requested exclusion from the Settlement Class, and no class members objected to the Settlement. *See* Declaration of Steven Weisbrot Re: Implementation of Notice to Settlement Class, filed on August 18, 2021 (ECF No. 61) at ¶ 20-2.

The list of those class members who have requested exclusion are attached hereto as Exhibit 1.

6. There have been no objections to the settlement. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections including, but not limited to, by appeal, collateral attack, or otherwise.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All consumers in the United States who purchased the Products from April 15, 2014, through May 17, 2021.

The Settlement Class excludes: (a) any claims for personal injury; (b) Defendant's officers, directors, employees and attorneys; (c) government entities; (d) mediator Randall Wulff, and any members of his immediate family; (d) the Court, the Court's immediate family and the Court's staff; and, (e) all putative Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline listed in Exhibit 1 attached hereto.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (ECF No. 53) regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiffs as the Class Representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of Michael R. Reese of Reese LLP, Spencer Sheehan of Sheehan & Associates, P.C., and Kevin Laukaitis of Shub Law Firm LLC as counsel for the Settlement Class. Class Counsel have fairly and adequately represented

the Settlement Class and shall continue to do so.

11. The Settlement Class described above is certified solely for the purpose of the settlement described in the Settlement Agreement. The Court finds and orders that Defendant has not conceded that this Action or any similar case is amenable to class certification for purposes of litigation. The Court orders that nothing in this Final Order or in the Settlement Agreement shall prevent Defendant or Plaintiffs from opposing or supporting class certification or seeking decertification if this Final Order approving the Settlement Agreement is reversed or invalidated on appeal or otherwise for any reason.

## NOTICE TO THE CLASS

12. The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13. The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

## ATTORNEYS' FEES AND COSTS; INCENTIVE AWARDS

14. The Court awards Plaintiffs' Counsel $6,869.20 in reimbursement expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement

Fund pursuant to the procedures in Sections 5.1, 5.4 and 5.9 of the Settlement Agreement.

15. The Court will issue a separate order regarding attorneys' fees after conclusion of the claims period and Co-Lead Counsel have filed a renewed motion for payment of fees no later than January 15, 2022. That order regarding fees shall not impact this order granting final approval of the Settlement. Additionally, this Court retains jurisdiction over this matter for purposes including, but not limited to, the ability to issue an order awarding attorney fees to Co-Lead Class Counsel for their work in this matter, which includes the several other cases litigated by Co-Lead Class Counsel that are resolved by the Settlement.

16. The Court awards each of the Plaintiffs $2,500 (for a total of $17,500) as Incentive Awards. The Court finds this amount is justified by Plaintiffs' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Sections 5.2 and 5.5 of the Settlement Agreement.

**RELEASES**

17. The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Settlement Agreement. The releasors are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and the Court's authority to effectuate the Settlement Agreement and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. The Parties agree that the Release covers any labeling issue with respect to any of the Products but does not bar personal injury claims. The full terms of the

release described in this paragraph are set forth in Sections 2.35-2.37 and 7.1-7.3 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Plaintiffs and each Settlement Class Member are deemed to have waived: (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party; and, (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

**OTHER PROVISIONS**

18. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not and shall not be construed as, used as, or deemed evidence of any admission by or against Defendant of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

19. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements, and proceedings relating to the Settlement shall not be offered or received into evidence and are not admissible into evidence in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order. This Final Approval Order and the Settlement

Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted, or attempted against the Released Parties in such capacity with respect to any of the Released Claims and may be filed, offered, received into evidence and otherwise used for such defense.

20. The Court hereby dismisses the Action in its entirety with prejudice and without fees or costs except as otherwise provided for herein.

21. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

22. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of October, 2021:

_____
Honorable Cathy Seibel
United States District Judge

# EXHIBIT 1
# LIST OF PERSONS WHO REQUESTED EXCLUSION FROM SETTLEMENT

|    | First Name | Last Name |
|----|-----------|-----------|
| 1  | JOYCE     | ADAMS     |
| 2  | TONY      | AGUILAR   |
| 3  | CLAUDIA   | AVALOS    |
| 4  | EDITH     | CANNON    |
| 5  | ISAAC     | ELLZEY    |
| 6  | ANNA      | FALCO     |
| 7  | CASSIE    | FORD      |
| 8  | MITZY     | FRYER     |
| 9  | EVELYN    | GALARZA   |
| 10 | ELYSIA    | GANDARA   |
| 11 | CAITLIN   | GOODWIN   |
| 12 | KRISTIN   | HALL      |
| 13 | BREANA    | HUGAN     |
| 14 | KATHY     | HUNT      |
| 15 | KATHRYN   | JOHNSON   |
| 16 | SHEILA    | JOHNSON   |
| 17 | ROBIN     | KNISHKA   |
| 18 | MELBA     | LANE      |
| 19 | KIM       | MACK      |
| 20 | LOGAN     | MALONEY   |
| 21 | JAMES     | MARQUEZ   |
| 22 | SHANNON   | MATSCH    |
| 23 | NADYNE    | MICHAEIL  |
| 24 | DARRYL    | MITCHELL  |
| 25 | CHIARATTI | MONICA    |
| 26 | ALEJANDRA | MORAN     |
| 27 | ERICA     | MUNOZ     |
| 28 | MICHAEL   | PELELLA   |
| 29 | VERONICA  | PITTS     |
| 30 | MICHEL    | PRATT     |
| 31 | CAILI     | REYNOLDS  |
| 32 | ISAIAH    | RODAS     |
| 33 | SHARON    | ROGERS    |
| 34 | EMILY     | SAGNELLA  |
| 35 | CAMILLA   | SENTENERI |
| 36 | PEARL     | SILVA     |
| 37 | ROSELYN   | STANLEY   |
| 38 | POONAM    | SUBBAIAH  |
| 39 | FELEG     | TEKLEZGHI |
| 40 | KYLAH     | THOMPSON  |
| 41 | LAESHIA   | WASHINGTON|
| 42 | BEATRICE  | WEAVER GRAY |
| 43 | ERIC      | WILSON    |